```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION


WILLIAM JOSEPH METZGER, II,       )
                                  )
               Petitioner,        )
                                  )
          v.                      )    No.  4:06CV999 HEA
                                  )               (FRB)
JEREMIAH W. "JAY" NIXON,          )
                                  )
               Respondent.        )
```

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

      This matter is before the Court on William Joseph Metzger, II's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for appropriate disposition.

      On July 6, 2005, petitioner plead guilty in the Circuit Court of Warren County, Missouri, to one count of Leaving the Scene of a Motor Vehicle Accident, a class D felony. (Resp. Exh. B.) Petitioner was sentenced that same date to a term of four years' imprisonment. Execution of sentence was suspended, and petitioner was placed on probation for a period of five years. (Id.) Petitioner did not appeal from the judgment of conviction. (Petn. at p.3.) On October 19, 2005, the State moved to revoke petitioner's probation, and a warrant was issued for petitioner's arrest. (Resp. Exh. A.) On February 7, 2006, a detainer was

prepared on the outstanding warrant. (Id.) On June 30, 2006, while incarcerated in the Alachua County Jail in Gainesville, Florida, petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, which was denied without prejudice inasmuch as petitioner had never been delivered to the Missouri Department of Corrections on the judgment of conviction, and therefore was ineligible to file a Rule 24.035 motion. (Resp. Exhs. C, D.)

Petitioner is currently incarcerated at the Washington Correctional Institution in Chipley, Florida. In the instant petition for writ of habeas corpus, petitioner raises five claims for relief:

(1) That petitioner's conviction violates due process in that he was not mentally competent to enter a guilty plea;

(2) That the trial court should have, but failed to sua sponte order that petitioner undergo a competency examination before proceeding on petitioner's guilty plea;

(3) That petitioner's mental illness rendered the sentence imposed to exceed the maximum allowed;

(4) That the prosecutor engaged in misconduct by representing to the court that persons suffered injury on account of petitioner's conduct; and

(5) That petitioner was unlawfully subjected to laws ex post facto.

In response, respondent contends that the claims raised are without

merit and should be denied.

## I. Exhaustion Analysis

A petitioner must exhaust his state law remedies before the federal court can address the merits of his claims in a habeas petition. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988); see also Boerckel, 526 U.S. at 848. If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Smittie, 843 F.2d at 296. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the default. Coleman v. Thompson, 501 U.S. 722 (1991); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis. Rhines v. Weber, 544 U.S. 269 (2005).

In this cause, respondent contends that petitioner's claims are not exhausted inasmuch as petitioner may present these claims in a Rule 24.035 post-conviction motion once he is delivered to the custody of the Missouri Department of Corrections. Invoking 28 U.S.C. § 2254(b)(1)(B)(ii), however, respondent avers that unique circumstances exist here that render the state exhaustion process ineffective to protect the rights of the petitioner, thereby excusing exhaustion in this cause. Respondent therefore requests the Court to excuse petitioner from the exhaustion requirement and determine the merits of petitioner's claims. For the following reasons, respondent's position is well taken.

Under § 2254(b)(1)(B)(ii), a habeas petitioner may be excused from the exhaustion requirement if "circumstances exist that render such [State corrective process] ineffective to protect the rights of the applicant." The determination of whether such special circumstances exist is a factual one for this Court. Chitwood v. Dowd, 889 F.2d 781, 784-85 (8th Cir. 1989). An inordinate delay in the processing of state court claims can be such a circumstance making it unnecessary for a habeas petitioner to exhaust state remedies prior to a federal court's consideration of habeas corpus claims. See Workman v. Tate, 957 F.2d 1339 (6th Cir. 1992); Hankins v. Fulcomer, 941 F.2d 246 (3d Cir. 1991). In this cause, petitioner sought post-conviction relief under Missouri Supreme Court Rule 24.035. However, the Missouri sentencing court dismissed

petitioner's Rule 24.035 motion without prejudice citing petitioner's ineligibility to file such a motion inasmuch as he had never been delivered to the Missouri Department of Corrections as is required under the rule.[1] The record demonstrates that at the time he filed his premature Rule 24.035 motion, petitioner was incarcerated in the State of Florida, and he remains so to this date. Petitioner has never been delivered to the Missouri Department of Corrections on the instant judgment of conviction and nothing before the Court shows if and/or when petitioner may return to the State of Missouri to be so delivered. Petitioner's eligibility to seek post-conviction relief in Missouri state courts and thus exhaust state court remedies, therefore, is in a state of indefinite limbo. As noted by the Missouri Court of Appeals in circumstances strikingly similar to those here, the result of having petitioner incarcerated in another state without having petitioner delivered to the Missouri Department of Corrections "may delay a hearing on a Rule 24.035 motion which may be filed many months or years after a sentence is imposed. This possibility appears incompatible with the stated reason for adopting Rule[] . . . 24.035

---

[1] "A person convicted of a felony on a plea of guilty *and delivered to the custody of the department of corrections* . . . may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035." Mo. S. Ct. R. 24.035(a) (emphasis added). "If no appeal of such judgment was taken, the motion shall be filed within 180 days of the date *the person is delivered to the custody of the department of corrections*." Mo. S. Ct. R. 24.035(b) (emphasis added).

to avoid the delays in processing claims and prevent the litigation of stale claims[.]" Barna v. State, 918 S.W.2d 417, 418 (Mo. Ct. App. 1996).

On the information before the Court, it appears that petitioner's incarceration in another state will result in an inordinate delay in the processing of petitioner's claims in Missouri state court, thereby rendering such state processes ineffective in securing the rights of petitioner in this cause. The Court should therefore determine to excuse petitioner's failure to exhaust state remedies in the unique circumstances of this case and proceed to determine the merits of his claims.

**II. Merits of Petitioner's Claims**

A.  Grounds 1 and 2 – Mental Competence

In the instant petition, petitioner contends that he suffers from a mental illness and was not mentally competent to enter a guilty plea. In Ground 1, petitioner argues that such incompetency rendered his guilty plea involuntary and unknowing. In Ground 2, petitioner argues that the trial court should have sua sponte ordered a competency examination.

At the time petitioner's conviction became final, the law was clearly established that a criminal defendant may not plead guilty unless he does so competently and intelligently. Godinez v. Moran, 509 U.S. 389, 396 (1993). "The focus of the competency inquiry is the defendant's mental capacity; the question is whether

he has the *ability* to understand the proceedings." Id. at 401 n.12 (emphasis in original). The standard for those that plead guilty is whether the defendant has a "rational understanding" of the proceedings. Id. at 397-99. In evaluating a procedural competency claim, federal habeas courts "look only at the evidence available to the trial court when the plea was entered to determine if the judge ignored evidence that objectively would have raised doubt about the defendant's fitness to proceed." Allen v. Mullin, 368 F.3d 1220, 1239 (10th Cir. 2004). "The suspicion or actual presence of some degree of mental illness or need for psychiatric treatment does not equate with incompetency to stand trial [or plead guilty]." Azbell v. State, 144 S.W.3d 863, 872 (Mo. Ct. App. 2004) (internal quotation marks and citation omitted) (alteration in Azbell).

In this cause, a review of the transcript of the guilty plea proceeding shows the record to refute petitioner's claim that he was unable to plead guilty knowingly and voluntarily because of mental illness. During the plea proceeding, petitioner informed the court that he had previously been diagnosed as suffering from depression and bi-polar disorder. The court questioned petitioner regarding his mental condition and his ability to understand the proceedings, and petitioner's responses to the court's extensive questioning showed he was alert, coherent, able to respond intelligently, and able to understand the plea proceeding. Indeed, upon conclusion of this questioning, the court observed petitioner

to "be in control of [his] faculties and know what's going on," to which petitioner responded, "Yes, I'm totally aware of what's going on, sir." (Resp. Exh. B at 16.) Further, with respect to the substance of the charge and the nature of the proceedings, a review of the record in its entirety shows petitioner to have articulately and coherently responded to all of the trial court's inquiries, including independently describing in thorough and narrative detail the factual circumstances giving rise to the offense to which he was pleading guilty. (See generally Resp. Exh. B.)

The trial court found petitioner's plea of guilty to have been made voluntarily and unequivocally with petitioner's understanding of the nature of the charge, and thus the court accepted petitioner's plea. (Resp. Exh. B at 20.) See Godinez, 509 U.S. at 400 (in addition to defendant's competence to proceed, court must also satisfy itself that waiver of constitutional rights is knowing and voluntary). "Acceptance of a movant's guilty plea is equivalent to a determination of his mental competence to proceed." Baird v. State, 906 S.W.2d 746, 750 (Mo. Ct. App. 1995). The court's finding that petitioner entered his plea voluntarily is entitled to a presumption of correctness. Tran v. Lockhart, 849 F.2d 1064, 1069 (8th Cir. 1988). Moreover, the petitioner's statements made in open court indicating that he understood what he was doing "carry a strong presumption of verity." Porter v. Lockhart, 925 F.2d 1107, 1111 (8th Cir. 1991). Given the articulate

and comprehensive manner in which the petitioner addressed the court and responded to the court's questioning during the plea proceedings, petitioner's current claim that mental illness rendered him unable to understand what he was doing is without merit. In addition, because the record shows no basis for the trial court to have had reasonable cause to believe that petitioner lacked mental fitness to proceed, the court did not err in failing to <u>sua</u> <u>sponte</u> order a competency examination for petitioner. Mo. Rev. Stat. § 552.020; <u>Drope v. Missouri</u>, 420 U.S. 162, 173 (1975) (§ 552.020, "on its face, [is] constitutionally adequate to protect a defendant's right not to be tried while legally incompetent.").[2]

The guilty plea is an important component of the criminal justice system. <u>Blackledge v. Allison</u>, 431 U.S. 63, 71 (1976). In <u>Blackledge</u>, the Supreme Court stated that a properly administered

---

[2]To the extent petitioner claims that in December 2005, a psychologist in Florida determined him to be incompetent to proceed in a separate criminal cause of action in that forum (<u>see</u> Petr.'s Motion to Proceed IFP (Docket No. 3), Exh. A at pp.6-9), and that therefore he must have been incompetent to proceed months earlier in this cause, the undersigned takes judicial notice that on July 19, 2006, judgment was recorded in the Circuit Court of Alachua County, Florida, upon the court's adjudication of petitioner's guilt on petitioner's plea of <u>nolo</u> <u>contendre</u> to the charges in that case. <u>State of Florida v. Metzger</u>, Cause No. 01-2005-CF-004365-A (Fla. Cir. Ct. July 19, 2006) (judgment), *available at* http://isol.clerk-alachua-fl.org/docimage.asp?cabinet=opr&scur=Images&id=jI1O%2FS%21F%21%03%0FMjxftwZCpw%3D%3DSG%2FcLDkxN&retrieve=1&id2=y8xO%21%21nYA%03%0FN%21jT%21QyM9DA2ybT%21jS8yM&num=&transId=&spage=1&epage=1&pgs=1&pg=&ms=0. As noted above, a court's adjudication of guilt is equivalent to a determination of the defendant's mental competence to proceed. <u>Baird</u>, 906 S.W.2d at 750.

guilty plea can benefit all concerned, but that such benefits "can be secured . . . only if dispositions by guilty plea are accorded a great measure of finality."  Id.  See also United States v. Timmreck, 441 U.S. 780, 784 (1979).  Thus, once a person enters a guilty plea, any "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge, 431 U.S. at 74.  As set out above, the substance of petitioner's testimony, as well as the manner in which he testified in response to the trial court's questions, directly refutes petitioner's claim that any mental illness rendered him unable to understand the proceeding, and petitioner's claims otherwise should be denied.  See Godinez, 509 U.S. at 396-99; Blackledge, 431 U.S. at 74.

B.   Ground 3 - Excessive Sentence

In this cause, petitioner was sentenced to a term of four years' imprisonment, with execution of such sentence suspended. Petitioner was then placed on probation for a period of five years. In Ground 3 of the instant petition, petitioner contends that because of his mental illness, the sentence imposed was excessive.

Under Missouri law, the offense of Leaving the Scene of a Motor Vehicle Accident is a class D felony where, as here, the accident resulted in property damage in excess of One Thousand Dollars.  Mo. Rev. Stat. § 577.060.3(2).  The authorized term of

imprisonment for persons convicted of a class D felony is a term of years not to exceed four years. Mo. Rev. Stat. § 558.011.1(4). In addition, under Mo. Rev. Stat. § 559.016.1(1), a person who commits a felony may be subject to probation for a period not less than one year and not to exceed five years. Accordingly, petitioner's suspended sentence of four years' imprisonment and the imposition of a five-year term of probation on petitioner's conviction of a class D felony did not exceed the statutory maximum.

At the time petitioner's conviction became final, the law was clearly established that the length of imprisonment to be imposed for the commission of a felony offense "is purely a matter of legislative prerogative." Rummel v. Estelle, 445 U.S. 263, 274 (1980); See also Simmons v. State of Iowa, 28 F.3d 1478, 1482 (8th Cir. 1994) ("constitutional truism that legislatures have expansive discretion in fixing the terms of confinement that courts are to impose on those convicted of statutory crimes"). Under Missouri law, a sentence cannot be determined excessive if the sentence imposed is within the range prescribed by statute. State v. Sullivan, 935 S.W.2d 747, 760 (Mo. Ct. App. 1996); State v. Lachterman, 812 S.W.2d 759, 772 (Mo. Ct. App. 1991).

In Atkins v. Virginia, 536 U.S. 304 (2002), the United States Supreme Court noted that the Eighth Amendment prohibits excessive punishments, id. at 311 n.7, and observed that the determination of whether a punishment is excessive must be judged

by current standards of decency.  Id. at 311-12.  "We have pinpointed that the 'clearest and most reliable objective evidence of contemporary values is the legislation enacted by the country's legislatures.'"  Id. at 312 (quoting Penry v. Lynaugh, 492 U.S. 302, 331 (1989)).  Evaluating the judgment of the States' legislatures with respect to the execution of mentally retarded criminals, the Supreme Court in Atkins found no reason to disagree with the consensus that such punishment was excessive under the Eighth Amendment.  Atkins, 536 U.S. at 321.

In this cause, petitioner was convicted of a non-capital offense and was sentenced to a term of years within the range prescribed by the Missouri legislature.  As discussed supra at Section II.A, petitioner was not adjudicated to be incompetent, nor was there reasonable cause to believe that petitioner lacked the mental fitness to proceed in the underlying criminal cause of action.  In such circumstances, the undersigned is aware of no authority, and petitioner cites to none, where a claimed mental illness alone renders a statutorily prescribed sentence excessive and unconstitutional.  In the absence of legislative action demonstrating otherwise, petitioner's claim that his sentence was excessive must fail.

C.  Ground 4 – Prosecutorial Misconduct

In his fourth ground for relief, petitioner claims that the prosecutor engaged in misconduct by informing the court,

falsely, that injury resulted to persons on account of petitioner's offense. A review of the plea proceedings, however, shows the prosecutor to have proffered to the court that petitioner caused *property* damage in an amount exceeding One Thousand Dollars. (Resp. Exh. B at 17-18.) Nowhere was it alleged that petitioner caused injury to persons and indeed it was clarified during the proceedings that no such personal injury occurred:

>    THE DEFENDANT: Uh, yeah I understand the reading, but nobody was injured, sir.
>
>    THE COURT: No, that's not charged with injury. It's damage to property.
>
>    THE DEFENDANT: Okay. Yeah, yeah, I damaged the little --

(Resp. Exh. B at 13.)

Because the record directly refutes petitioner's claim that the prosecutor falsely represented to the court that petitioner's conduct caused injury to persons, petitioner's claim of prosecutorial misconduct must fail. Cf. Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (post-conviction claim may be dismissed without evidentiary hearing "if the record affirmatively refutes the factual assertions upon which it is based.").

D.   Ground 5 - Ex Post Facto

In his fifth ground for relief, petitioner contends that he was unlawfully subjected to laws ex post facto.

For a criminal law to be ex post facto, the law "must be

retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." Weaver v. Graham, 450 U.S. 24, 29 (1981). The petitioner here was charged with, convicted of and sentenced for violating Mo. Rev. Stat. § 577.060 (1995), Leaving the Scene of a Motor Vehicle Accident, for conduct petitioner engaged in in September 2004. The version of § 577.060, under which petitioner was charged and convicted, became effective July 27, 1989, and was in effect at the time of petitioner's offense. See Mo. Rev. Stat. § 577.060 (credits). As such, § 577.060 was not applied retrospectively to petitioner's conviction of Leaving the Scene of a Motor Vehicle Accident. Likewise, Mo. Rev. Stat. § 558.011 (Supp. 2003), under which petitioner was sentenced for the commission of this class D felony, was not applied retrospectively inasmuch as amendments to the statute became effective June 27, 2003, and were in effect at the time of petitioner's offense. See Mo. Rev. Stat. 558.011 (credits). Finally, the undersigned notes that Mo. Rev. Stat. § 559.016, which governs terms of probation, was amended in 2005 and subsequent to the events giving rise to petitioner's conviction. Specifically, the 2005 amendment provided the court with authority to "extend the total time on probation by one additional year . . . if the defendant admits he or she has violated the conditions of his or her probation or is found by the court to have violated the conditions of his or her probation." Nothing before the Court,

however, shows petitioner to have been subjected to this provision of § 559.016 or that petitioner has been disadvantaged thereby.

Accordingly, because no law was applied retrospectively to petitioner's conviction and sentence for the class D felony of Leaving the Scene of a Motor Vehicle Accident, it cannot be said that petitioner was subjected to laws <u>ex</u> <u>post</u> <u>facto</u>. Petitioner's conclusory claim otherwise should be denied.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that, pursuant to 28 U.S.C. § 2254(b)(1)(B)(ii), petitioner William Joseph Metzger, II, be excused from his failure to exhaust state remedies in the unique circumstances of this case.

**IT IS FURTHER RECOMMENDED** that petitioner William Joseph Metzger, II's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) be dismissed without further proceedings.

The parties are advised that any written objections to this Report and Recommendation shall be filed not later than **May 21, 2007**. Failure to timely file objections may result in waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).

*[signature: Frederick R. Buckles]*
UNITED STATES MAGISTRATE JUDGE

Dated this  <u>9th</u>  day of May, 2007.