UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM JOSEPH METZGER, II, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:06CV999 HEA |
| | ) |
| JEREMIAH W. "JAY" NIXON, | ) |
| | ) |
| Respondent. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation, of Magistrate Judge Frederick R. Buckles, that William Joseph Metzger, II's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 1], be denied. Petitioner has filed "Limited Objections" and requested an additional 30 days to review exhibits. The Court granted Petitioner's request. However, Petitioner has not filed any additional objections within the additional time provided.[1] The Court, therefore will address those objections presently before the Court as they relate to the Report and Recommendation. Thus, we note, that when a party objects to a magistrate judge's report and recommendation, the Court must conduct a *de novo*

---

[1] Petitioner on several occasions notified the Court of changes of address. Since Petitioner's last notification, Petitioner has not filed any pleadings. Although Petitioner claimed, in his last notification that if the Court did not hear from him within 40 to 60 days, the Court should investigate because "something is not right," there is nothing before the Court which would indicate that Petitioner's prediction is accurate.

review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct a *de novo* review of those portions of the Report and Recommendation to which Petitioner objects.

The Procedural History and Factual Background are set forth in the Report and Recommendation. Petitioner does not object to the factual background set forth in Judge Buckles' Report and Recommendation, rather, he essentially objects to Judge Buckles' conclusion that he was competent to plead guilty to the state charge of Leaving the Scene of a Motor Vehicle Accident, a class D felony. Sadly for Petitioner these objections, however, are without merit.

Petitioner argues that Judge Buckles' analysis of the record that he was able to understand the proceedings, *i.e.* that he was alert, coherent, able to respond intelligently and able to understand the plea proceedings is not based on what Petitioner was actually going through mentally. Petitioner further contends that he was not under medication at the time of the plea and that he experiences racing thoughts, attention deficiency and the inability to concentrate without "disjointing." The record belies Petitioner's self-serving argument. As Judge Buckles thoroughly analyzed, the State Court record establishes that the State Court questioned

Petitioner in detail regarding his understanding of the charges against him and the plea process after Petitioner advised the court of his mental diagnoses, depression and bi-polar disorder. Petitioner responded to the court's questioning in a coherent manner. He responded to the court's questioning intelligently. The court specifically articulated that Petitioner was in control of his faculties and knew what was going on. Petitioner agreed with the court. Petitioner, therefore, has presented no evidence whatsoever that the state court's finding was erroneous. As such, his objection to Judge Buckles' findings are without merit.

This Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Petitioner objects. The Court finds that the Report and Recommendation sets forth a very thorough and correct analysis of the issues raised in the Petition. Petitioner's objections to the Report and Recommendation are without merit and are denied in their entirety. The Court will adopt the Recommendation of Judge Buckles that the Petition be DENIED.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are

debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed in Judge Buckles' Report and Recommendation, the Court finds that
Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the pursuant to 28 U.S.C. 2254(b)(1)(B)(ii), as discussed in the Report and Recommendation, Petitioner is excused from his failure to exhaust state remedies in the unique circumstances of this case.

**IT IS FURTHER ORDERED** that the Petition of William Joseph Metzger, II for Writ of Habeas Corpus, [Doc. No. 1], pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that any request by Petitioner for a Certificate of Appealability is denied, as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this Memorandum and Order is

entered this same date.

Dated this 18th day of September, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE